UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ERWIN LEJON-TWIN EL,

    Plaintiff,

v.

JOE MARINO, Director, Human Resources, and
IMPAX LABORATORIES, f/k/a CarePharma,

    Defendants.

Civ. No. 16-2292 (KM) (MAH)

OPINION

## KEVIN MCNULTY, U.S.D.J.:

This *pro se* plaintiff filed a complaint for damages against his employer, Impax Laboratories, and its Director of Human Resources, Joe Marino. (I will refer to the defendants collectively as "Impax.") It alleged that he came to work at Impax under his birth name of Erwin Hilton; that in accordance with the tenets of the Moorish Science Temple, he currently goes by Erwin LeJon-Twin El; and that Impax will not issue his paycheck in his currently preferred name. On February 14, 2017, I filed an Opinion (ECF no. 50) and Order (ECF no. 51) granting the defendants' motion to dismiss the original complaint, without prejudice to the filing of a properly supported motion to file an amended complaint. Now before the court is the plaintiff's motion under Fed. R. Civ. P. 15 to file an amended complaint. (ECF no. 52) A proposed amended complaint (inaccurately designated as an "Affidavit" on the docket) is attached. (ECF no. 52-3, cited as "1AC") The defendants have filed an opposition to the motion to amend (ECF no. 53), and the plaintiff has filed a motion that is in substance a reply (ECF no. 54). For the reasons stated herein, the motion to amend will be denied, this time with prejudice, and the clerk will be directed to close the file.

1

# I. NEW ALLEGATIONS IN THE PROPOSED AMENDED COMPLAINT

The factual allegations of the proposed amended complaint ("1AC") are in many respects similar to those in the original complaint. Some new allegations, however, have been added: In a section titled "Supplemental Pleadings," etc., plaintiff describes miscellaneous interactions with banks and bank tellers who are not parties to this case. These involved his efforts to cash his paycheck, for which he was charged a banking fee. (1AC ¶ 31) Plaintiff also alleges that he "reasonably believe[s]" that because he "provided information to the defendants and New Jersey Department of Labor . . . the defendants terminated/discharged me from employment, on or around December 9, 2016." (1AC ¶ 34).[1]

The legal causes of action in the amended complaint have been changed and supplemented. Although claims are not always clearly identified or labeled, I believe there are approximately fifteen:

(1) the Privacy Act of 1974, 5 U.S.C. § 552a;

(2) the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U. S. C. § 2000cc et seq.;

(3) the "Born-Alive Infants Protection Act of 2002," 1 U.S.C. § 8;

(4) 4 C.F.R. § 83.9;

(5) 4 C.F.R. § 83.10;

(6) 18 U.S.C. § 241 (conspiracy against rights), 242 (deprivation of rights under color of law), and 1001 (fraud and false statements);

(7) 49 C.F.R. § 802.7(d) and (e);

(8) 28 C.F.R. § 25.7;

(9) 26 U.S.C. § 6301;

(10) N.J.A.C. § 12:55-2.4;

---

[1] Defendants state that the plaintiff was not discharged, but resigned. That factual dispute I cannot resolve on a motion to dismiss.

(11) Impax's Code of Conduct;

(12) The Patient Protection and Affordable Care Act, Public Law 111-148, 15 U.S.C. § 2087(b).

(13) the Treaty of Peace and Friendship Between the United States of America, and His Imperial Majesty the Emperor of Morocco; and

(14) the Fourth Amendment.

## II. DISCUSSION

Familiarity with my prior opinion is assumed. Because I write for the parties, I will dispense with any extensive discussion of the background.

### A. Standard of Review

Under Fed. R. Civ. P. 15(a)(2), a court should give leave for a plaintiff to amend his pleading "when justice so requires." The Court may deny a motion to amend the pleadings where there is: (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, (4) futility of amendment, or (5) repeated failure to correct deficiencies. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or immediately subject to summary judgment for the defendant." *Am. Corporate Soc'y v. Valley Forge Ins. Co.*, 424 F. App'x 86, 90 (3d Cir. 2011) (internal citations omitted). An amended complaint is futile if it could not surmount the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are

drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Where a plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

**B. Analysis**

Based on the principles stated in the preceding section, I analyze the proposed amended complaint pursuant to the standards of Rule 12(b)(6), to

4

determine whether it states a claim upon which relief may be granted. I conclude that it does not, and that amendment would therefore be futile.

*Privacy Act of 1974, 5 U.S.C. § 552a; 49 C.F.R. § 802.7(d) & (e).* This statute prohibits federal agencies from disclosing certain private information. It has no application to Impax, a private employer, or Marino. *See Rainge-El v. Brill,* No1. 05cv01831, 2008 U.S. Dist. LEXIS 13464 at *26 (D. Colo. Feb. 22, 2008) (dismissing similar claim brought against private party by *pro se* Moorish Citizen). The CFR sections are regulations implementing the Privacy Act, and are inapplicable for the same reasons.

*RLUIPA.* The Religious Land Use and Institutionalized Persons Act addresses only land use regulations and the religious rights of institutionalized persons. *See Lighthouse Inst. For Evangelism v. City of Long Branch,* 510 F.3d 253, 261 (3d Cir. 2007). Neither is implicated here.

*Born Alive Infants Protection Act of 2002, 1 U.S.C. § 8.* This is a rule of general construction, defining words such as "person" or "human being." It does not contain a private right of action.

*4 C.F.R. §§ 83.9, 83.10.* These regulatory sections relate to the Government Accountability Office. *See* 4 C.F.R. § 2.1.

*28 C.F.R. § 25.7.* This regulation implements the Brady Handgun Violence Prevention Act.

*18 U.S.C. §§ 241, 242, 1001.* These are criminal statutes dealing with the deprivation of constitution rights, conspiracy to do so, and false statements in a matter within the jurisdiction of a federal agency. They do not contain a private right of action. *See Watson v. Washington Twp.,* 413 F. App'x 466, 468 (3d Cir. 2011) (18 U.S.C. §§ 241, 242); *Coleman v. Sec'y United States Dep't of Homeland Security,* 649 F. App'x 128, 130 (3d Cir. 2016) (18 U.S.C. § 1001).

*26 U.S.C. § 6301.* This statute grants the Secretary of the Treasury the authority to collect taxes. It contains no private right of action. *Quinn v. United States,* No. Civ-03-192-R, 2003 U.S. Dist. LEXIS 1707, at *7 (W.D. Okl. 2003), *aff'd,* 94 F. App'x 740 (10th Cir. 2004).

*N.J.A.C. § 12:55-2.4.* This State regulation governs the time and mode of payment of wages. This appears to relate to the claim that plaintiff was charged a fee by his bank for cashing his paycheck, and it seems to be the basis for his claim of retaliatory firing based on his giving information to the State Department of Labor. This regulation does not in its face contain a private right of action. In any event, I would not assert supplemental jurisdiction over this pure state law matter. *See infra.*

*Impax's Code of Conduct.* There is no federal cause of action for violation of the company code of conduct.

*The Patient Protection and Affordable Care Act,* Public Law 111-148, 15 U.S.C. § 2087(b). This statute prohibits retaliation against an employee who receives IRS credits under that Act, or provides information about alleged violations of the Act. No facts are pled that in any way relate to such a claim. At any rate, 15 U.S.C. § 2087(b) requires, not the filing of a federal court action, but an administrative complaint with the Secretary of Labor.

*The Treaty of Peace and Friendship Between the United States of America, and His Imperial Majesty the Emperor of Morocco.* Claims under this 1787 treaty are common features of litigation brought by members of the Moorish Science Temple. This or related treaties do not give rise to a civil cause of action, particularly one against a 21st-century private employer. *See, e.g., Bey v. Stumpf,* 825 F. Supp. 2d 537, 558 (D.N.J. 2011).

*The Fourth Amendment.* As explained in my prior opinion, such a constitutional claim may be brought against a federal or state government actor, but not against a private employer.

To be clear, I have found no sufficient basis pled for any cause of action, federal or state. In addition, having found no substantial federal claim at this early stage of the litigation, I would exercise my discretion to decline supplemental jurisdiction over any state claim, pursuant to 28 U.S.C. § 1367(c).

## III. CONCLUSION

My prior Opinion observed that the original complaint was based on a single, central factual allegation, and that as currently framed it was frivolous. I nevertheless dismissed it without prejudice to the filing of a proper motion to amend. I have now reviewed the proposed amended complaint under a Rule 12(b)(6) standard and found it to be similarly deficient. The motion to amend is therefore denied, and the action is dismissed with prejudice.

An appropriate Order accompanies this Opinion.

Dated: April 28, 2017

*[Signature]*
**KEVIN MCNULTY**
**United States District Judge**