# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERWIN LEJON-TWIN EL,<br><br>               **Plaintiff,**<br><br>    v.<br><br>**JOE MARINO, Director, Human Resources, and**<br>**IMPAX LABORATORIES, f/k/a CarePharma,**<br>               **Defendants.** | Civ. No. 16-2292 (KM) (MAH)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

    The plaintiff has filed a complaint for damages against his employer. I dismissed the original complaint without prejudice to a motion to amend. (ECF nos. 50, 51) On April 28, 2017, I denied plaintiff's motion to file an amended complaint and dismissed the action with prejudice. (ECF nos. 55, 56). The file was closed.

    Two weeks later, on May 11, 2017, the plaintiff moved to disqualify me and reassign the case to another judge. (ECF no. 57) On May 23, 2017, he made a second submission in further support of that application. (ECF no. 58) The file was reopened for consideration of the motion. On June 7, 2017, I denied plaintiff's motion to reassign the case to another judge. (ECF no. 59) Again, the file was closed.

    On July 5, 2017, plaintiff filed several motions supported by a single affidavit (ECF no. 61-1): (a) a Motion Seeking Substantive Relief (ECF no. 60); (b) a Motion for Stay of an Order Pending Appeal (ECF no. 61); (c) a Motion Seeking Relief of an Order (ECF no. 62); and (d) a Motion for New Trial (ECF no.

1

63).[1] The defendants have filed a response (ECF no. 69), and the plaintiff has filed a reply (ECF no. 70).

On July 10, 2017, the plaintiff filed a notice of appeal to the United States Court of Appeals for the Third Circuit. (ECF no. 65; assigned USCA Case No. 17-2942) The Court of Appeals entered an order staying the appeal pending this Court's decision on the motions filed on July 5, 2017. (ECF no. 68) *See* Fed. R. App. P. 4(a)(4) (listing certain district court motions that delay the running of the time to appeal).

For the following reasons, the motions (ECF nos. 60, 61, 62, 63) are DENIED.

### A. Motion Seeking Substantive Relief

Plaintiff has filed a Motion Seeking Substantive Relief pursuant to Fed. R. App. P. 27(a)(2)(B)(iii). (ECF no. 60) That Rule governs motions made to the Court of Appeals, seeking relief from the Court of Appeals. The motion is not properly before this federal district court. Accordingly, plaintiff's motion (ECF no. 60) is DENIED without prejudice to renewal in the proper Court.[2]

### B. Motion for Stay of an Order Pending Appeal

On July 10, 2017, plaintiff filed a notice of appeal. In anticipation of that filing, plaintiff filed a motion, pursuant to Fed. R. App. P. 8(a)(1), for stay of an order pending appeal. (ECF no. 61) Under that Rule, prior to moving the Court of Appeals for a stay:

> A party must ordinarily move first in the district court for the following relief:

---

[1] The plaintiff filed a fifth motion, to proceed *in forma pauperis* on appeal. (ECF no. 64). I have already granted it. (ECF no. 67).

[2] The relief sought seems to be an order "granting Plaintiff the fact amount owed to Plaintiff by the defendants." (ECF no. 60 at 2) Thus the motion may be a redundant statement that plaintiff wishes to appeal my dismissal of the case. Construed liberally as a motion to *this* Court for reconsideration of the order of dismissal, it is covered by my discussion in section C and particularly in section D, *infra*.

> (A) a stay of the judgment or order of a district court pending appeal;
>
> (B) approval of a supersedeas bond; or
>
> (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.

*Id.*

"[T]he standard for obtaining a stay pending appeal is essentially the same as that for obtaining a preliminary injunction." *Conestoga Wood Specialities Corp. v. Secretary of U.S. Dept. of Health and Human Services*, 2013 WL 1277419 at *1 (3d Cir. Feb. 8, 2013). Like most preliminary injunctions, a stay pending appeal is governed by four equitable factors:

"(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies."

*Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (line breaks added for clarity)). *Accord Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).[3]

---

[3] Although all the factors are relevant, the first two are critical. A court may not grant injunctive relief, "regardless of what the equities seem to require," unless plaintiffs carry their burden of establishing both a likelihood of success and irreparable harm. *Adams*, 204 F. 3d at 484; *accord Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197 (3d Cir. 1990) (placing particular weight on the probability of irreparable harm and the likelihood of success on the merits, stating: "[W]e cannot sustain a preliminary injunction ordered by the district court where either or both of these prerequisites are absent." (quoting *In re Arthur Treacher's Franchisee Litigation*, 689 F.2d 1137, 1143 (3d Cir.1982)); *Morton v. Beyer*, 822 F.2d 364, 367 (3d Cir.1987); *Freixenet, S.A. v. Admiral Wine & Liquor Co.*, 731 F.2d 148, 151 (3d Cir.1984); *American Express*, 669 F.3d at 366, 374. *See also Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 21 (2008) (holding it was error to water down the irreparable harm requirement from "likelihood" to "possibility," even where likelihood of success

3

Plaintiff's motion does not make any persuasive showing of likelihood of success on the merits; at best it rehashes the arguments already rejected by the Court, for the reasons expressed in prior opinions. (ECF nos. 50, 55)

Nor is there any showing of irreparable injury. This is an action in which the plaintiff sought damages. By definition, the court's denial of damages is an injury that can be remedied by an award of damages. And an injury that can be redressed by damages is the very essence of an injury that is not irreparable, and cannot be the subject of equitable relief.[4]

Indeed, it is difficult to imagine what meaningful relief a stay could afford. The order(s) appealed from dismissed a claim for damages and denied a post-judgment motion for reassignment of the case to a different judge. Such orders do not call upon anyone to do anything. It is unclear what, if anything, needs to be stayed, even from the plaintiff's point of view. Plaintiff fails to

---

was strong); *Talbert v. Corizon Medical*, 608 F. App'x 86, 2015 WL 3544517 (3d Cir. June 8, 2015) (summarily affirming denial of preliminary injunction based on lack of irreparable harm).

[4] This Court has often addressed the issue of when a preliminary injunction to prevent immediate irreparable harm is justified and conversely, when other remedies such as money damages are adequate to compensate a plaintiff for past harm. The law in that respect is clear in this Circuit:

> In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the *only* way of protecting the plaintiff from harm. *See e.g., Weinberger v. Romero–Barcelo*, 456 U.S. 305 [102 S. Ct. 1798, 72 L.Ed.2d 91] (1982); *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 356 and n. 9 (3d Cir. 1980).

*Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989) (emphasis added). In *ECRI v. McGraw–Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (citations omitted) we stated:

> Establishing a risk of irreparable harm is not enough. A plaintiff has the burden of proving a "clear showing of immediate irreparable injury." The "requisite *92 feared injury or harm must be irreparable—not merely serious or substantial," and it "must be of a peculiar nature, so that compensation in money cannot atone for it."

*Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91–92 (3d Cir. 1992).

specify what it is that he wishes to stay or why a stay is needed. There is, for example, no judgment imposing liability on plaintiff from which he might seek temporary protection. It is difficult to imagine any threat to the status quo during the pendency of the appeal. Simply put, I see no purpose in granting this motion, and plaintiff has not identified any.

Accordingly, the motion to stay an order pending appeal (ECF no. 61) is DENIED.

### C. Motion Seeking Relief of an Order

Plaintiff has filed a Motion Seeking Relief of an Order pursuant to Fed. R. Civ. P. 60(b)(1), (2), and (3). (ECF no. 62) In particular, plaintiff seeks "relief from the Order entered by the United States District Court on June 7, 2017," denying his motion to disqualify me and reassign the case to another judge. However, he also generally appears to seek relief from the dismissal of his complaint. I will construe the motion liberally to encompass both. For the following reasons, however, plaintiff's Rule 60(b) motion must be denied.

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party . . . from final judgment, order or proceeding" under certain circumstances. The general purpose of Rule 60(b) is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Walsh v. Krantz*, 423 F. App'x 177, 179 (3d Cir. 2011) (per curiam) (quoting *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978)). "Rule 60(b) is a provision for extraordinary relief and may be raised only upon a showing of exceptional circumstances." *Mendez v. Sullivan*, 488 F. App'x 566, 568 (3d Cir. 2012) (per curiam) (citing *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)).

Plaintiff argues that:

> "The defendants have shown mistake in an employment contract, bias, extrinsic fraud and misrepresentation toward Plaintiff by failing to reimburse plaintiff a check cashing fee imposed by defendants financial institution, retaining a live

5

> payroll check, failure to fully update and correct the former employee's personal information, etc., non[e] of these issues were examined by Judicial Officer, Hon. Kevin McNulty, albeit, absent an expert opinion, constituting a mistake of law and are grounds for relief from the Order entered by the United States District Court on June 7, 2017 . . . .

(Plaintiff's Affidavit, ECF no. 61-1, ¶ 5)

Plaintiff first cites Rule 60(b)(1) and (3), the provisions for relief from a final judgment, or proceeding, based on "mistake, inadvertence, surprise, or excusable neglect," and "fraud, misrepresentation, or misconduct by an opposing party." These provisions, however, do not grant a second chance to relitigate the substance of a dismissed action; rather, they create an opportunity for relief based on extraordinary and extenuating circumstances. For example, under Rule 60(b)(1), "courts have held that a party should not be deprived of the opportunity to present the merits of the claim because of a technical error or slight mistake by the party's attorney." 11 Wright, Miller & Kane, *Federal Practice and Procedure,* § 2858 (3d ed.). Similarly, under Rule 60(b)(3), "the fraud must have prevented the moving party from fully and fairly presenting his case . . . . The motion will be denied if it is merely an attempt to re-litigate the case or if the court otherwise concludes, as is most commonly true, that fraud or misrepresentation or other misconduct has not been established." *Id.* § 2860.

Here, plaintiff quotes the language of Rule 60, but the substance of his motion is just a restatement of his allegations against the defendants, which have already been fully and fairly considered. The "misconduct" that he alleges consists of the conduct alleged in his Complaint. The injuries to which he refers all flow from the premise—rejected as a matter of law—that his employer was required to maintain tax and payroll records under his new name. The reference to the lack of an "expert opinion" is difficult to interpret, but irrelevant; because the claims failed as a matter of law, there was no need for

witnesses, expert or otherwise. The grounds asserted are plainly insufficient under Rules 60(b)(1) and (3).

Plaintiff also cites to Rule 60(b)(2) to support his motion. Rule 60(b)(2) is grounds for relief from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]" "Rule 60(b)(2) 'requires that the new evidence (1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial. Any party requesting such relief 'bears a heavy burden.'" *Floorgraphics Inc. v. News Am. Mktg. In-Store Servs., Inc.*, 434 F. App'x 109, 111 (3d Cir. 2011) (internal quotation marks and citation omitted).

First, with regard to the denial of the post-judgment motion to reassign the case to another judge, plaintiff's affidavit does not include any additional relevant evidence. As to that issue, then, Rule 60(b)(2) is clearly inapplicable.

Second, as for the dismissal of plaintiff's complaint for failure to state a claim, the submission of additional evidence would be irrelevant. For purposes of the Rule 12(b)(6) motion to dismiss, I *accepted* the facts alleged in the complaint as true and drew all reasonable inferences in favor of the plaintiff. Nevertheless, I found that plaintiff failed to state a legally cognizable claim. Additional evidence supporting allegations that I already assumed to be true would have no impact at all on that conclusion.

Additionally, plaintiff asserts that the defendants did not "oppose [plaintiff's] motion for judicial disqualification and recusal." (Plaintiff's Affidavit ¶ 6) That, however, is not grounds for relief under Rule 60.

Accordingly, plaintiff's Motion for Relief of an Order (ECF no. 62) is DENIED.

### D. Motion for a New Trial

Plaintiff also moves for a new trial pursuant to Fed. R. Civ. P. 59(b). (ECF no. 63) Because there was no trial in this case, I will liberally construe plaintiff's motion as a motion for reconsideration pursuant to Rule 59(e) and Local Civil Rule 7.1. In any event, plaintiff appears to believe that, by filing his motion within 28 days of this Court's June 7, 2017 Order, he is entitled to a new trial or reconsideration. That is not so; there is a threshold showing required, and plaintiff has not met it.

Pursuant to Local Civil Rule 7.1(i), a party moving for reconsideration must "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked[.]" L. Civ. R. 7.1(i). Motions for reconsideration "are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)); *see also N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

"Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *In re Certain Consol. Roflumilast Cases*, No. CV1503375FLWDEA, 2017 WL 2399571, at *2 (D.N.J. June 2, 2017) (quoting *Blystone*, 664 F.3d at 415).

Plaintiff cites no intervening change in the controlling law, nor does he cite any new evidence. He does claim the need to correct a "mistake of law":

> "The defendants have shown mistake in an employment contract, bias, extrinsic fraud and misrepresentation toward Plaintiff by failing to reimburse plaintiff a check cashing fee

8

imposed by defendants financial institution, retaining a live
payroll check, failure to fully update and correct the former
employee's personal information, etc., non[e] of these issues
were examined by Judicial Officer, Hon. Kevin McNulty, albeit,
absent an expert opinion, constituting a mistake of law and are
grounds for relief from the Order entered by the United States
District Court on June 7, 2017 . . . .

(Plaintiff's Affidavit, ECF no. 61-1, ¶ 5)

Plaintiff is mistaken. I did consider all of the allegations in his original complaint and in his proposed amended complaint. I found them deficient as a matter of law. (ECF nos. 50, 55) Plaintiff has failed to demonstrate a clear error of law or a need to prevent manifest injustice.

"[A] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted). For a plaintiff who simply disagrees with this Court's decision, the appellate process, not a Rule 59(e) motion, is the appropriate path.

Accordingly, plaintiff's Motion for a New Trial (ECF no. 63) is DENIED.

### CONCLUSION

For the foregoing reasons, the plaintiff's Motion Seeking Substantive Relief (ECF no. 60) is DENIED without prejudice to refiling in the Court of Appeals; the plaintiff's Motion for Stay of an Order Pending Appeal (ECF no. 61) is DENIED; the plaintiff's Motion Seeking Relief of an Order (ECF no. 62) is DENIED; and the plaintiff's Motion for New Trial (ECF no. 63) is DENIED. A separate Order accompanies this opinion.

August 7, 2017

**KEVIN MCNULTY**
**United States District Judge**

9

>imposed by defendants financial institution, retaining a live
>payroll check, failure to fully update and correct the former
>employee's personal information, etc., non[e] of these issues
>were examined by Judicial Officer, Hon. Kevin McNulty, albeit,
>absent an expert opinion, constituting a mistake of law and are
>grounds for relief from the Order entered by the United States
>District Court on June 7, 2017 . . . .

(Plaintiff's Affidavit, ECF no. 61-1, ¶ 5)

Plaintiff is mistaken. I did consider all of the allegations in his original complaint and in his proposed amended complaint. I found them deficient as a matter of law. (ECF nos. 50, 55) Plaintiff has failed to demonstrate a clear error of law or a need to prevent manifest injustice.

"[A] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted). For a plaintiff who simply disagrees with this Court's decision, the appellate process, not a Rule 59(e) motion, is the appropriate path.

Accordingly, plaintiff's Motion for a New Trial (ECF no. 63) is DENIED.

## CONCLUSION

For the foregoing reasons, the plaintiff's Motion Seeking Substantive Relief (ECF no. 60) is DENIED without prejudice to refiling in the Court of Appeals; the plaintiff's Motion for Stay of an Order Pending Appeal (ECF no. 61) is DENIED; the plaintiff's Motion Seeking Relief of an Order (ECF no. 62) is DENIED; and the plaintiff's Motion for New Trial (ECF no. 63) is DENIED. A separate Order accompanies this opinion.

August 7, 2017

KEVIN MCNULTY
**United States District Judge**

9